UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| Scott Huminski, Dana Huminski, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | File No. 1:98-CV-17 |
| | : | |
| Town of Bennington, Henry Haverkoch, Helen Whyte, Michael P. Ryan, Lynn Grieger, John Lavoie, William Wright, North Eastern Publishing Co., Inc., James Rogalski, Barbara Bennett, David Miner, State of Vermont, Duane Greenawalt, Betsy Greenawalt, | : | |
| Defendants. | : | |

OPINION AND ORDER
(Papers 192, 193, 194, 195 and 197)

On November 25, 2009, this Court issued an Opinion and Order denying plaintiff Scott Huminski's motion for relief from judgment. (Paper 191). Huminski has now filed a series of motions to reconsider and vacate the November 25, 2009 Opinion and Order, and a renewed motion for relief from judgment. (Papers 192, 193, 194, 195 and 197). For the reasons set forth below, the motions are DENIED.

Background

The initial motion for relief from judgment (Paper 149) sought to vacate the Court's 1998 dismissal of this case. Judgment was entered in the case after plaintiff Scott Huminski failed to amend his complaint within the time period

required by the Court, and plaintiff Dana Huminski moved to dismiss the case without prejudice.

On April 20, 2009, Scott Huminski moved for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). As noted above, the Court denied the motion, concluding that the 1998 judgment was not void and that Huminski's motion was untimely. (Paper 191). Huminski now challenges that ruling in five separate motions before the Court.

## Discussion

Irrespective of the titles on Huminski's various motions, the relief he seeks is reconsideration of the Court's November 25, 2009 order. When a party seeks reconsideration, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Huminski's first motion is a "Motion to Vacate, 11/25/09 Ruling," in which he argues that the Court's ruling is "inconsistent with Due Process." (Paper 192). The due process violation he asserts is an alleged threat set forth in a court filing by a Deputy States Attorney on September 30,

1997. The filing was made in Huminski's criminal case, and was in response to a motion to dismiss. (Paper 149-2). The passage in question states:

> The last claim involves a statement made to [Huminski's] attorney Capriola warning that the defendant would be charged with additional crimes if he did not calm down. The statement is a reference to the defendant's continued harassment of the victim and the investigating officer in this case through the court process. The defendant has filed a civil action against the victim because of his participation in this criminal case. The State is currently reviewing a contempt charge against the defendant because of this activity. The statement was a proper warning made through defendant's representative.

Id. Huminski argues, as he did in his initial motion for relief from judgment, that the threat of criminal charges effectively barred him from litigating his claim in this Court, thereby violating his due process rights.

Huminski also cites a 1999 Vermont Superior Court ruling on the State's motion to vacate his plea agreement. (Paper 192 at 1 (citing State v. Huminski, 167-1-99 WmCr)). Huminski claims that the opinion (Paper 159-2) identified a second due process violation. Like the 1997 filing by the Deputy State's Attorney, the state court's 1998 opinion was before the Court, and considered, when the Court ruled on the initial motion for relief from judgment.

Similar arguments are presented in Huminski's motion for reconsideration (Paper 193), renewed motion for Rule 60(b)(4)

3

relief (Paper 194), and motion to vacate all orders and judgments (Paper 195).

In its ruling on the motion for relief under Rule 60(b)(4), the Court found that a

> judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 193 (2d Cir. 2006) (internal quotation marks and citations omitted); see also Kalb v. Feuerstein, 308 U.S. 433, 438 (1939) (a judgment is void only if it is totally beyond a court's power to render); United States v. Berenguer, 821 F.2d 19, 22 (1st Cir. 1987) (the concept of void judgments is narrowly construed).
>
> Huminski does not argue that the Court lacked jurisdiction over either the subject matter of his suit or the parties. Nor does he claim that the Court failed to provide him due process. Instead, he claims that he was barred entry to the Court by the actions of, or more precisely, threats from Vermont prosecutors. The case law clearly requires, however, that *the court*, and not the parties, act in a manner that is inconsistent with due process. Grace, 443 F.3d at 193. Huminski makes no such claim, and has offered no legal citations to the contrary. He has therefore failed to carry his burden under Rule 60(b)(4).

(Paper 191 at 5-6). Nothing in Huminski's current filings dictate a different result. The claim remains that state actors violated his due process rights, that the Vermont courts "enunciated" those violations, and this Court's judgment was therefore void. There is still no claim that an act of the Court was inconsistent with due process, or that

4

subject matter jurisdiction was lacking. Accordingly, there is no basis for reconsidering the prior ruling.

Huminski's most recent motion is entitled "Motion For First Amendment Rule 60(b)(4) Relief," and as the title indicates, argues that dismissal of the case in 1998 was "inconsistent with the First Amendment." (Paper 197). Specifically, Huminski asserts that "[t]he ongoing barricade of federal courthouses by the State of Vermont with the threats of arrest, prosecution and other retaliation violate Huminski's First Amendment rights of" access to the courts and free expression. Id. at 1. This argument was not presented previously.

If the Court construes this filing as a motion for reconsideration, the motion is not "an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Even if the Court accepts it as a second Rule 60(b) motion, Huminski again fails to show that the Court's entry of judgment in 1998 was void. In essence, he is restating his due process claim as a First Amendment claim, offering no new facts in support. Moreover, the Court finds that a second Rule 60(b)(4) motion is untimely for the same reasons set forth with respect to the first such motion.

## Conclusion

For the reasons set forth above, Huminski's pending motions (Papers 192, 193, 194, 195 and 197) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of February, 2010.

/s/ J. Garvan Murtha
J. Garvan Murtha
Senior United States District Judge